John C. HODGES and Ester Hodges, in person and for all persons similarly situated, Appellants,

v.

The TOWN OF FORGAN, Oklahoma and Nichol's Water Service, Inc., a corporation, Appellees.

No. 51162.

Court of Appeals of Oklahoma, Division No. 2.

June 27, 1978.

Approved for Publication by Supreme Court Aug. 3, 1978.

Leslie L. Conner, James M. Little, Leslie L. Conner, Jr., Conner, Little & Conner, Oklahoma City, for appellants.

Timothy D. Leonard, Leonard, Trippet, Leonard & Kee, Beaver, for appellee, The Town of Forgan, Oklahoma.

Jerry L. Venable, Pauls Valley, for appellee, Nichol's Water Service, Inc.

BRIGHTMIRE, Judge.

Far out in Oklahoma's arid panhandle west, members of the governing board of Forgan, a town lying between Slapout and Turpin, contracted to sell large quantities of its impounded water to Nichol's Water Service, Inc., a commercial water hauler, for resale to users living outside the limits of Forgan. Charging that the water sale is unlawful and detrimental to them a couple of Forgan citizens brought this suit in June 1976 to cancel the contract and enjoin further water sales. The town was the recipient of a summary judgment in January 1977 precipitating prosecution of this appeal by the Forganians.

I

The Beaver County residents allege that pursuant to statutory authority[1] Forgan

---

1. The governing statute is 11 O.S.1971 § 303 and reads:

"Any city or town within the State of Oklahoma, owning and operating waterworks or water plants, for the purpose of supplying city or town, and the inhabitants thereof, with water, may make use of such water for park or other public purposes without the corporate limits of such city or town; and any such city or town, having a supply of water in excess of its immediate requirements, and the immediate requirements of its inhabitants, may sell and furnish water to persons, firms and corporations residing or located without the corporate limits of such city or town from its water supply not immediately required by such city or its inhabitants; and any such city or town may contract to sell and furnish, and may sell and furnish and supply, to any other city or town within the State of Oklahoma, water from its

operated a municipal waterworks for the use and benefit of its citizens. At some undisclosed point in time the Town Board of Forgan began to sell municipal water to Nichol's for resale to non-Forgan residents in such large quantities as to result in detriment to Forgan users, e. g., at times they are completely without water at their residence; other times water pressure is decreased to an unsatisfactory level; and all the time an increased quantity of sand in the water lines and dissolved solids is in the water.

Plaintiffs further allege that although the water is being sold as "surplus" water, it is in fact and truth not "surplus" rendering the sale illegal and entitling them to the relief they seek.

In its answer the town admitted approving the sale of water to Nichol's "in order to raise necessary revenue for the beneficial use of the Town,"—something it was authorized to do by 11 O.S.1971 § 303—and denied this had any detrimental effects on any inhabitant of Forgan.

Several months later Forgan filed a motion for summary judgment saying it was entitled to one because: (1) plaintiff's pleading fails to state a valid claim for relief; and (2) the court may not enjoin the municipal authorities from exercising their authority to make the contract complained of.

The trial court held as a matter of law that plaintiff's complaint involves "a political question [which must be] left to the sound discretion of the Town Board," and the court should not interfere with the board's decision. He therefore granted defendants a summary judgment.

## II

The decisive question is, we think, whether the allegations made by plaintiffs are sufficient to invoke judicial cognizance of the Nichol's—Forgan water contract. We hold they are.

■ In making the contract the Town Board was acting in a proprietary capacity and exercising authority granted by 11 O.S. 1971 § 303. *Comanche County Rural Water Dist. No. 1 v. City of Lawton,* Okl., 501 P.2d 490 (1972). In performing proprietary functions, the town board is not resolving political questions. Even so, says Forgan, its board still has discretion and with its exercise the courts will not interfere. This analysis, we think, is not quite correct. The board has discretion to sell, for non-resident consumption, only water which is "in excess of" the immediate requirements of the town and its inhabitants. It has no discretion as to non-excess water.

■ The allegation of plaintiffs is that the Nichol's water purchases have in the past and will in the future result in total water outages at times and at others a reduction of the quantity of water or pressure to a level unsatisfactory for the basic domestic requirements of plaintiffs and other Forgan citizens. These averments, according to the inferential holding of the earlier cited *City of Lawton* case, give birth to the justiciable question of whether the board exceeded its discretionary authority.

The summary judgment rendered June 14, 1977 is therefore vacated and the cause is remanded for further proceedings.

NEPTUNE, P. J., and BACON, J., concur.

supply of water in excess of the immediate needs of the city or town selling, furnishing and supplying the same, and the immediate needs of its inhabitants, in such amount and on such terms as may be agreed upon by the selling and buying municipalities."

Section 303 is repealed as of July 1, 1978 by the Municipal Code enacted in 1977.