**MOORE BAYOU WATER ASSOCIATION, INC.,
Plaintiff,**

**v.**

**TOWN OF JONESTOWN,
MISSISSIPPI, et al.,
Defendants.**

**No. DC85–144–NB–O.**

United States District Court,
N.D. Mississippi,
Delta Division.

Feb. 5, 1986.

James H. Herring, Canton, Miss., Shed Roberson, Clarksdale, Miss., for plaintiff.

Tyree Irving, Greenville, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

The present cause comes before the court on the motion of plaintiff, Moore Bayou Water Association, Inc., for summary judgment against the defendants, the Town of Jonestown, Mississippi and its Mayor and Board of Aldermen, on its prayer for declaratory and injunctive relief made pursuant to its claim under 7 U.S.C. § 1926(b). Having considered the pleadings, memoranda, and affidavits submitted by the parties hereto, and being fully advised in the premises, the court is now in a position to rule on the motion.

The plaintiff, Moore Bayou Water Association, Inc. (Moore Bayou), is a non-profit corporation created and existing under the laws of the State of Mississippi and is engaged in operating a private rural water system in an area located within Coahoma and Quitman Counties. On September 3, 1974, the Mississippi Public Service Commission granted to Moore Bayou a permanent and exclusive certificate of public convenience and necessity to provide water services in certain areas located in the above named counties, including the areas immediately adjacent to the Town of Jonestown. Moore Bayou received funding from the Farmers Home Administration (FmHA) in the form of a loan, pursuant to 7 U.S.C. § 1926 for construction of the water facilities.

On January 2, 1981, Jonestown annexed a certain area served by Moore Bayou. As a consequence of the annexation, various municipal services were made available to the residents of the annexed area with the exception of water services which continued to be provided by Moore Bayou.

On March 20, 1984, Jonestown informed Moore Bayou by letter that it intended to take Moore Bayou's exclusive service rights and water facilities located within the town boundaries through eminent domain proceedings unless a satisfactory price could be agreed upon. Moore Bayou then filed the present action in this court on June 5, 1985 alleging that Jonestown and its governing body, acting under color of law, intended to infringe upon Moore Bayou's exclusive service area through eminent domain proceedings in violation of 7 U.S.C. § 1926(b), and to wrongfully deprive Moore Bayou of its vested property rights and the benefits of its exclusive certificate of public convenience and necessity without due process of law in violation of 42 U.S.C. §§ 1983 and 1985 and the Fifth and Fourteenth Amendments to the United States Constitution. Moore Bayou seeks declaratory and injunctive relief in order to prevent the defendants from infringing upon Moore Bayou's exclusive certificate of public convenience and necessity and from owning and operating a water system in Moore Bayou's exclusive service area. Moore Bayou has now moved for summary judgment on the issue of whether Jonestown is prevented, by virtue of 7 U.S.C. § 1926(b), from condemning Moore Bayou's water facilities and right to provide water services to areas located within the corporate limits of Jonestown.

Title 7, 1926(b) provides in pertinent part:

(b) The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body; or by the granting of any private franchise for similar service within such area during the term of such loan....

The above provision rather clearly states that municipalities or any other government body may not curtail the water services offered by a rural water association indebted to the FmHA. Thus, it is Moore Bayou's contention that section 1926(b) has preempted the Mississippi law which enables the defendants to institute condemnation proceedings in an effort to obtain the

right *to* provide water services to the area in question.

In response, the defendants argue that while section 1926(b) appears at first glance to bar them from condemning plaintiff's rights and facilities as long as the plaintiff remains indebted to the FmHA, reference must also be made to the legislative history and the underlying purpose of section 1926(b). Considering section 1926(b) in its proper context and not in a vacuum, it is argued, would necessarily lead to the conclusion that this section would operate to bar the defendants from pursuing their contemplated action only where it is found that such action would necessarily and significantly impair the ability of Moore Bayou to repay the FmHA loan.

Reference is thus made to the legislative history of 7 U.S.C. § 1926(b) contained in the U.S.Code Congressional and Administrative News, 87th Cong., 1961, Vol. 2, pages 2243, 2309, which states:

> By interpretation loans to associations cannot now be made unless a major part of the use of the facility is to be by farmers. This section would broaden the utility of this authority somewhat by authorizing loans to associations serving farmers, ranchers, farm tenants, and other rural residents. This provision authorizes the very effective program of financing the installation and development of domestic water supplies and pipelines serving farmers and others in rural communities. By including service to other rural residents, the cost per user is reduced and the loans are more secure in addition to the community benefits of a safe and adequate supply of running household water. *A new provision has been added to assist in protecting the territory served by such an association facility against competitive facilities which might otherwise be developed with the expansion of the boundaries of municipal and other public bodies in an area served by the rural system* (emphasis added).

There is also included, at page 2305, a "Short Explanation" of Title III of the Agricultural Act of 1961:

> This title—
>
> . . . .
>
> 9. Prohibits curtailment of a water association borrower's service as a result of inclusion of its service area within the boundaries of any public body or as a result of the granting of any private franchise for similar service in such area.

Although unstated in the above passages, the defendants argue that it is nonetheless clear that the purpose of section 1926(b) is to protect the ability of Moore Bayou to repay its loan obligation. The defendants suggest that since the evidence establishes that Moore Bayou receives approximately two hundred dollars ($200.00) per month from its customers in the disputed area, which the defendants characterize as "negligible," the condemnation of Moore Bayou's water service rights and facilities would not necessarily result in an impairment of the plaintiff's ability to meet its loan obligation. In any event, the defendants assert that the question of whether the loss of such monies would result in an impairment constitutes a genuine issue of material fact and therefore summary judgment is inappropriate.

The court finds the defendants' arguments to be unpersuasive. While this court must seek to effectuate the legislative intent in construing a particular statute, primary reliance must be placed on the language of the statute itself. *Steere Tanklines, Inc. v. I.C.C.*, 724 F.2d 472, 477 (5th Cir.1984). Resort to materials extrinsic to the statute, for example, the legislative history, is necessitated only when the statutory language is found to be ambiguous or compliance would yield an absurd result. *Id. American Trucking Associations, Inc. v. I.C.C.*, 659 F.2d 452, 459 (5th Cir.1981). In the instant case, a reading of section 1926(b) does not reveal either ambiguity in its meaning or absurdity in its application. The section clearly prohibits *any* curtailment or limitation of the service provided by a rural water association re-

sulting from the inclusion of all or a part of its territory within a municipality while the association is indebted to the FmHA. Its prohibition is not conditioned on a finding that a given encroachment will significantly impair the ability to repay the FmHA loan.

■ However, even if this court were to indulge the defendants and resort to an examination of the legislative history, the court would find that the legislative history is equally clear regarding the underlying purpose of section 1926(b), i.e., protecting the territory served by such association against competitive facilities which may be developed with the expansion of municipal boundaries. *See Rural Water District No. 3 v. Owasso Utility Authority*, 530 F.Supp. 818 (N.D.Okla.1979). Because this section affords protection only to those rural water associations indebted to the FmHA, it may be correct to infer that section 1926(b) was ultimately designed to protect an association's ability to meet its loan obligation. But this conclusion does not require or permit this court to condition the prohibition contained in section 1926(b) upon a finding that a particular encroachment would necessarily result in a significant impairment. To follow this approach would allow the piecemeal erosion of the area served by a rural water association to occur as long as any single attempt would not result in a finding of significant impairment. Such result would clearly be contrary to the expressed intentions of Congress as contained in section 1926(b) and its legislative history.

■ Applying the above construction to the facts in the present case, the court finds 7 U.S.C. § 1926(b) bars the defendants from condemning Moore Bayou's water service rights and facilities while Moore Bayou remains indebted to the FmHA.

Based on the foregoing, the court finds that there is no genuine issue of material fact and therefore finds Moore Bayou's motion for summary judgment on its claim for declaratory and injunctive relief under

7 U.S.C. § 1926(b) to be well taken and should be granted.

Let an order issue accordingly.